**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| SONGKANE SACKALY, )<br>)<br>Plaintiff, )<br>) **Civil Action No.: 3:18-cv-00012**<br>v. )<br>)<br>FLAGSTAR BANK, FSB et al., )<br>)<br>Defendants. ) | |

**VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF
FLAGSTAR BANK, FSB AND LAKEVIEW LOAN SERVICING, LLC**

Defendants Flagstar Bank, FSB ("Flagstar") and Lakeview Loan Servicing, LLC ("Lakeview") (collectively "Defendants"), by and through their undersigned counsel, submit this Answer and Affirmative Defenses to Songkane Sackaly's ("Plaintiff") Complaint. Defendants deny all specific allegations contained in Plaintiff's Complaint, except as expressly admitted herein and for its Answer states as follows:

**PARTIES**

1. Upon information and belief, Defendants admit the allegations in Paragraph 1.

2. Defendants admit the allegations of Paragraph 2.

**JURISDICTION AND VENUE**

3. Defendants admit that Defendants submitted to the personal jurisdiction of the United States District Court for the Middle District of Georgia and that this court has subject matter jurisdiction over this action. Defendants deny all remaining allegations in Paragraph 3.

4. Defendants admit the United States District Court for the Middle District of Georgia has subject matter jurisdiction over this action, admit that Defendants have submitted to

the personal jurisdiction of this Court, and admit that venue is proper in this Court because the Property is located in this venue. Defendants deny all remaining allegations in Paragraph 4.

## FACTUAL ALLEGATIONS

5.  Defendants admit the allegations in Paragraph 5.

6.  Defendants admit that Exhibit A is attached to the Complaint. Defendants further admit that Exhibit A is a copy of the Security Deed executed by Plaintiff and recorded in the real estate records of Madison County, Georgia (the "Security Deed" or "Exhibit A"). Defendants deny all remaining allegations in Paragraph 6.

7.  Defendants admit that Paragraph 22 of the Security Deed requires certain notices be sent to Plaintiff. Defendants admit that Plaintiff was in default of the Security Deed. Defendants deny all remaining allegations in Paragraph 7.

8.  Defendants admit that Paragraph 22 of the Security Deed sets forth conditions precedent to a foreclosure sale. Defendants satisfied the conditions precedent. Defendants deny the remaining allegations in Paragraph 8.

9.  Defendants deny the allegations in Paragraph 9. Flagstar provided Plaintiff with a Pre-Acceleration Notice dated January 15, 2016 which satisfied the requirements of Paragraph 22 of the Security Deed (the "Demand Letter"). The Pre-Acceleration Notice was sent to Plaintiff by first class mail and certified mail. Specifically, the Demand Letter provided notice of (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice was given to Plaintiff, by which the default must be cured; (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the Security Deed and sale of the property; (e) the Plaintiff's right to reinstate after acceleration; and (f) the right to bring a court action to assert the non-existence of a default or any other defense

2

of the Plaintiff to acceleration and sale. True and correct copies of the Pre-Acceleration Notice (Demand Letter) as maintained by Defendants in the ordinary course of business are attached as Exhibit 1-A (sent first class mail) and Exhibit 1-B (sent certified mail) (Collectively, **Exhibit 1**).

10. Defendants deny the allegations in Paragraph 10 and restate and incorporate by reference its response in Paragraph 9. *See* **Exhibit 1**.

11. Defendants deny the allegations in Paragraph 11 and restate and incorporate by reference its responses to the Complaint in Paragraph 9. *See* **Exhibit 1**.

12. Defendants admit Paragraph 22 of the Security Deed requires a notice, but deny the remaining allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13. Specifically, Paragraph 22 of the Security Deed provides:

> If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale granted by Borrower and any other remedies permitted by Applicable Law.

*See* Complaint. Exhibit A, ¶ 22 at p. 8 (Doc 1-2 at pp. 26-27). Plaintiff did not cure the default or reinstate the loan.

14. Defendants admit the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15. A *Notice of Pending Foreclosure Sale* (the "Notice of Sale") dated October 4, 2017, was mailed to the Plaintiff via certified mail informing him of the scheduled November 7, 2017 foreclosure sale. A true and correct copy of the Notice of Sale as maintained by Defendants in the ordinary course of business is attached hereto at **Exhibit 2**. The Notice of Sale (a) was provided more than 30 days before the date of the proposed sale; (b) was in writing; (c) included the name, address, and telephone number of the individual or

entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor; and (d) was by certified mail to the property address. *See* O.C.G.A. § 44-14-162.2.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit Lakeview Loan Servicing, LLC purchased the property at the foreclosure sale, but deny the remaining allegations in Paragraph 17. *See* **Exhibit 3**.

18. Defendants admit that Plaintiff is represented by an attorney in this action, but deny the remaining allegations in Paragraph 18.

## COUNT I
## BREACH OF CONTRACT FOR FAILURE TO PROVIDE NOTICE PURSUANT TO THE SECURITY DEED, AND PURSUANT TO ACCELERATION OF THE DEBT

Defendants restate and incorporate by reference its responses in all preceding paragraphs.

19. Defendants admit the Security Deed is a contract, but denies the remaining allegations in Paragraph 19.

20. Defendants admit the Security Deed contained notice requirements. The notice requirements were satisfied prior to foreclosure. *See* **Exhibit 1**. Defendants deny the remaining allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24. *See* **Exhibit 1**.

25. Defendants deny the allegations in Paragraph 25. *See* **Exhibit 2** and **Exhibit 3**.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27. The direct and proximate cause of the foreclosure was Plaintiff's default by failing to make the mortgage loan payments and failing to timely cure the default.

4

28. Defendants deny the allegations in Paragraph 28.

## COUNT II
## WRONGFUL FORECLOSURE

Defendants restate and incorporate by reference its responses in all preceding paragraphs.

29. Defendants admit that O.C.G.A. 23-2-114 provides grounds for equitable relief, but denies Plaintiff is entitled to such relief, and denies all remaining allegations in Paragraph 29.

30. Defendants admit that O.C.G.A. 23-2-114 provides grounds for equitable relief, but denies Plaintiff is entitled to such relief, and denies all remaining allegations in Paragraph 30.

31. Defendants admit foreclosure proceedings were commenced and the foreclosure sale was conducted on November 7, 2017. Defendants deny all remaining allegations in Paragraph 31. *See* **Exhibit 1**.

32. Defendants admit foreclosure proceedings were commenced and the foreclosure sale was conducted on November 7, 2017. Defendants deny all remaining allegations in Paragraph 32. *See* **Exhibit 2** and **Exhibit 3**.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34. Plaintiff lost his home to foreclosure as a result of Plaintiff's actions or inactions, including his failure to make the mortgage loan payments due and failure to timely cure said default.

35. Defendants deny the allegations in Paragraph 35.

## COUNT III
## DECLARATORY JUDGMENT ACTION TO VACATE AND SET ASIDE THE FORECLOSURE SALE

Defendants restate and incorporate by reference its responses in all preceding paragraphs.

36. Defendants admit the *Deed Under Power* was executed regarding the foreclosure sale conducted on November 7, 2017, but deny the remaining allegations in Paragraph 36.

Attached as **<u>Exhibit 3</u>** is a true and correct copy of the *Deed Under Power* recorded on December 5, 2017 in Bk 1714 Pg 244-0249 of the real property records of Madison County, Georgia.

37. Defendants admit this action relates to the Property and the rights of the parties, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37 as to whether this is a declaratory judgment action.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants admit that compliance with the terms of the Security Deed and Georgia foreclosure law are conditions precedent prior to foreclosing on Plaintiff's Property, but deny the remaining allegations in Paragraph 40.

41. Defendants admit that the Complaint seeks the relief stated in Paragraph 41, but denies that Plaintiff is entitled to such relief. Defendants had the right to foreclose. *See* DUP.

42. Defendants admit that the Complaint seeks the relief stated in Paragraph 42, but denies that Plaintiff is entitled to such relief. *See* DUP.

43. Defendants admit the Complaint seeks the relief stated in Paragraph 43, but denies Plaintiff is entitled to such relief.

## COUNT IV
## TEMPORARY AND PERMANENT RESTRAINING ORDER AGAINST DEFENDANTS

Defendants restate and incorporate by reference its responses in all preceding paragraphs.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants admit a temporary restraining order may be granted by this Court, but Defendants deny that Plaintiff can meet the requirements for a temporary restraining order and deny the remaining allegations in Paragraph 47.

48. Defendants admit interlocutory relief may be granted by this Court, but Defendants deny that Plaintiff can meet the requirements for a temporary restraining order and deny the remaining allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49, except that Defendants are without knowledge or information sufficient to form a belief about whether there is equity in the Property.

## COUNT V
## PUNITIVE DAMAGES

Defendants restate and incorporate by reference its responses to the Complaint in the preceding paragraphs.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny that Defendants engaged in egregious conduct and deny all remaining allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

## COUNT VI
## ATTORNEY'S FEES AND COSTS

Defendants restate and incorporate by reference its responses in all preceding paragraphs.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

Defendants respond to the entire unnumbered paragraph beginning "WHEREFORE" and each subpart therein by denying that Plaintiff is entitled to the relief sought as a matter of law.

## **AFFIRMATIVE DEFENSES**

In further answer, Defendants assert the following additional defenses:

### First Defense

The Complaint fails to state a claim for which relief may be granted.

### Second Defense

Defendants provided timely and proper notices as required by the Security Deed and Georgia law prior to the November 7, 2017 foreclosure sale, including the Pre-Acceleration Notice and the Notice of Sale. *See* **Exhibit 1** and **Exhibit 2**. All notices were properly addressed to Plaintiff at the Property address and given in the manner prescribed by the Security Deed and Georgia law.

### Third Defense

Plaintiffs damages, if any, were the result of the action or inaction of the Plaintiff, including Plaintiff's contributory negligence and failure to exercise ordinary care and due diligence.

### Fourth Defense

Plaintiff's claims are barred by his failure to mitigate damages.

### Fifth Defense

Plaintiff's claims are barred because the actions or inactions of Defendants did not directly or proximately cause Plaintiff any harm or damages. To the extent Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of, persons, parties,

and/or entities other than Defendants, including Plaintiff's default in failing to make his mortgage loan payments and failing to timely cure such default.

## Sixth Defense

Plaintiff's claims are or may be barred by release, waiver, and estoppel (including, without limitation, judicial estoppel, collateral estoppel and res judicata).

## Seventh Defense

Plaintiff's claims are or may be barred by the applicable statute of limitation or laches.

## Eighth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

## Ninth Defense

Plaintiff's claims are barred by the doctrines of ratification, consent and/or acquiescence.

## Tenth Defense

Any acts, statements, representations or omissions by persons or entities other than Defendants that allegedly caused any damages to Plaintiff, which Defendants do not concede, were not authorized by Defendants and were not performed or given with actual, implied, or apparent authority of Defendants. Alternatively, Plaintiff's damages, if any, were not caused by any act or omission of Defendants or, in the alternative, were caused by acts or omissions of others for which Defendants had no responsibility. Further, Defendants deny any liability for the acts of other persons or entities under a theory of respondeat superior, vicarious liability, agency, or otherwise.

## Eleventh Defense

Plaintiff's claims are barred because Plaintiff has suffered no compensable damages.

## Twelfth Defense

To the extent that this litigation was filed or is being pursued unreasonably and without substantial justification, Defendants are entitled to an award or attorneys' fees and costs.

### Thirteenth Defense

Plaintiff is not entitled to mental anguish or emotional distress damages from Defendants pursuant to the facts alleged in the Complaint. The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to the Plaintiff, cannot be upheld because such claims require proof of actual damages and are unrelated to the actual conduct of Defendants. As such, these damages violate Defendants' due process rights guaranteed by the Constitution of the United States.

### Fourteenth Defense

This action is barred because Defendants have not breached any duty owed to Plaintiff.

### Fifteenth Defense

Defendants deny that they are guilty of any conduct entitling Plaintiff to recover punitive damages. Any award of punitive damages in this case must comply with the Commerce Clause of the United States Constitution. Specifically, to award punitive damages in this case would violate the Commerce Clause by chilling and impeding Defendants.

### Sixteenth Defense

Plaintiff's allegations, to the extent that they seek punitive or exemplary damages, violate Flagstar's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and violates Flagstar's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and therefore fail to state a cause of action supporting the punitive or exemplary damages claimed.

### Seventeenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

**Eighteenth Defense**

The claims in Plaintiff's Complaint may be barred by the parol evidence rule, the statute of frauds, or the doctrine of merger.

**Nineteenth Defense**

Defendants acted in good faith at all times and did not mislead, deceive, misrepresent, or defraud Plaintiff or breach any agreement of any type, if the same existed, with respect to Plaintiff.

**Twentieth Defense**

Plaintiff's claims are barred, in whole or in part, because at all times material to this action, Defendants complied with all provisions of the agreement(s) between the parties and Georgia law.

**Twenty-first Defense**

Plaintiff's claims may be subject to set-off and recoupment of amounts owed on Plaintiff's loan account.

**Twenty-second Defense**

Plaintiff's claims are barred by his prior material breach of the Note and Security Deed.

WHEREFORE, having answered the Complaint and asserted affirmative defenses, Defendants pray that Plaintiff take nothing, that the action be dismissed with prejudice, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted this 20th day of December, 2018.

                **/s/ A. Michelle Canter, Esq.**
A. Michelle Canter (GA Bar No.108097)
Bradley Arant Boult Cummings LLP
4720 Peachtree Industrial Blvd, #106
Norcross, GA 30071
Telephone: (205) 521-8650
Facsimile: (205) 521-8800
mcanter@bradley.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that on the 20th day of December, 2018 this ANSWER AND AFFIRMATIVE DEFENSES OF FLAGSTAR BANK, FSB AND LAKEVIEW LOAN SERVICING, LLC was filed via the Court's CM/ECF electronic filing system which generated a Notice of Electronic Filing and caused a copy of the foregoing document to be served electronically on the following counsel of record:

SCHUYLER ELLIOTT semecca@aol.com

**/s/ A. Michelle Canter, Esq.**
A. Michelle Canter
Attorney for Defendants